**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| A&J MANUFACTURING, LLC, ) <br>     a Georgia corporation, and ) <br> ) <br> A&J MANUFACTURING, INC., ) <br>     A Florida corporation, ) <br>               Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HEB GROCERY COMPANY, LP ) <br>     a Texas Limited Partnership, and ) <br> ) <br> NINGBO HUIGE OUTDOOR ) <br>     PRODUCTS CO., LTD., ) <br>     a corporation of the People's ) <br>     Republic of China, ) <br>               Defendants. ) | Civil Action No. <br><br> JURY DEMAND |

**COMPLAINT**
**FOR INFRINGEMENT OF U.S. PATENTS**

PLAINTIFFS, A&J MANUFACTURING LLC and A&J MANUFACTURING, INC., by and through their attorneys, and for their Complaint against Defendants HEB GROCERY COMPANY, LP. and NINGBO HUIGE OUTDOOR PRODUCTS CO., LTD, state and allege as follows:

**I.    PARTIES AND NATURE OF SUIT**

1.    This is an action for infringement of United States patents, in violation of 35 U.S.C. §§271, 281, 283-285, and 289. Plaintiffs seek monetary relief against Defendants, and equitable relief in the form of a permanent injunction against Defendants, barring the

manufacture, sale, offer for sale, use or importation of goods that infringe the patent rights asserted.

2. Plaintiff, A&J Manufacturing, LLC is a limited liability company organized and existing under the laws of the state of Georgia, having a place of business at 2465 Demere Road, St. Simons, Glynn County, Georgia 31522.

3. Plaintiff, A&J Manufacturing, Inc. is a corporation organized and existing under the laws of the state of Florida, having a place of business at 903 Lake Asbury Drive, Green Cove Springs, Florida 32043.

4. A&J Manufacturing, LLC is the owner, by assignment, of all right, title and interest in U.S. Patent No. 8,381,712, entitled "Simultaneous Multiple Cooking Mode Barbecue Grill" (the "'712 patent"). A copy of the '712 patent is attached as Exhibit A.

5. A&J Manufacturing, LLC is further the owner, by assignment, of all right, title and interest in U.S. Patent No. D662,773, entitled "Set of Smoke Stacks for a Dual Grill" (the "'773 patent"). A copy of the '773 patent is attached as Exhibit B.

6. A&J Manufacturing, LLC is a leading designer, developer, manufacturer and distributor of outdoor grilling products, including multiple-mode grill products that embody the inventions of the '712 patent and the '773 patent.

7. A&J Manufacturing, LLC, in cooperation with A&J Manufacturing, Inc., (hereafter referred to collectively as "A&J"), sells and distributes, within this district and nationwide, multiple-mode grill products, including those sold under the trademarks CHAR-GRILLER DUO and CHAR-GRILLER TRIO, both of which embody the inventions of the '712 patent and the '773 patent, among others. Images of the genuine A&J products are reproduced below:



**Char-Griller Duo**     **Char-Griller Trio**

8. On information and belief, Defendant HEB Grocery Company, LP (" H-E-B") is a Limited Partnership organized and existing under the laws of the state of Texas, having a principal place of business at 646 South Main Avenue, San Antonio Texas 78204.

9. On information and belief, Defendant Ningbo Huige Outdoor Products Co., Ltd. ("Huige") is a corporation organized and existing under the laws of the People's Republic of China, having a principal place of business at Room 1406 Building #15, Huaxin International Business Center, Fenghua City, Zhejiang Province China.

## II. JURISDICTION, VENUE AND JOINDER

10. This Court has original subject matter jurisdiction over the causes of action for patent infringement asserted herein, pursuant to 28 U.S.C. §§1331 and 1338.

11. On information and belief, H-E-B offers to sell and/or sells, within this judicial district, barbecue grill products that infringe one or more claims of the '712 patent and the claim of the '773 patent. The accused barbecue grill products are described more fully below. On information and belief, H-E-B has purposefully directed infringing activities toward residents of this district, and has engaged in acts of infringement within this district. Therefore, this Court has personal jurisdiction over H-E-B.

12. On information and belief, Huige offers to sell, sells and imports into the United States infringing barbecue grill products offered and sold by H-E-B in this judicial district. On information and belief, Huige has therefore purposefully directed infringing activities toward residents of this district, or has engaged in acts of infringement within this district. Therefore, this Court has personal jurisdiction over Huige.

13. The acts of infringement alleged herein against both Defendants arise out of the same transaction, occurrence or series of transactions or occurrences related to the same accused product. Further, questions of fact common to both Defendants will arise in this action. Therefore, joinder of both Defendants in this action is authorized by 35 U.S.C. §299(a).

14. Venue is proper within this judicial district pursuant to 28 U.S.C. §§1391 (c) and (d), as H-E-B is a corporation subject to personal jurisdiction within this district, and Huige is an alien corporation. Further, venue is proper pursuant to 28 U.S.C. §1400(b), as H-E-B's and Huige's acts of patent infringement have taken place within this district.

### III. DEFENDANTS' PRODUCTS

15. H-E-B offers to sell and sells within this judicial district a simultaneous multiple cooking mode barbecue grill, the "Sear & Smoke Triad."

16. An image of said product is reproduced below:



**H-E-B Sear & Smoke Triad**

17. On information and belief, Defendant Huige manufactures these multiple cooking mode barbecue grill products in China, offers to sell and sells the products in the United States, and imports them into the United States for sale in this district and elsewhere in the U.S. Alternatively, on information and belief, Defendant H-E-B and Defendant Huige jointly import infringing multiple cooking mode barbecue grill products into the United States for sale in this district and elsewhere in the U.S.

18. Among other features, these products comprise a wheeled frame supporting a gas cooking unit having a grilling surface, hinged lid and exhaust, together with a second cooking unit configured to cook with a solid fuel such as charcoal, and having a separate grilling surface, hinged lid and exhaust.

### IV. FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 8,381,712)

19. A&J incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

20. The actions of Defendants in making, offering to sell, selling and/or importing into the United States at least the above-described Sear & Smoke Triad products constitute infringement of one or more claims of A&J's '712 patent in violation of 35 U.S.C. §271(a).

21. A&J has been damaged as a direct and proximate result of Defendants' conduct in an amount to be proven at trial, but in no event less than a reasonable royalty.

22. Furthermore, Defendants' infringing acts are of a continual and ongoing nature, resulting in harm to A&J for which A&J has no adequate remedy at law. For that reason, A&J is entitled to equitable relief including injunctive relief pursuant to 35 U.S.C. §283.

23. On information and belief, Defendants are aware of A&J's patent rights, and Defendants are willfully infringing A&J's '712 patent.

## V. SECOND CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. D662,773)

24. A&J incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

25. Defendants' actions in offering to sell, selling and or importing within this judicial district at least the above-described Sear & Smoke Triad product constitute infringement of the claim of A&J's '773 patent in violation of 35 U.S.C. §271(a).

26. A&J has been damaged as a direct and proximate result of Defendants' conduct in an amount to be proven at trial, but in no event less than a reasonable royalty.

27. By virtue of their infringement of A&J's '773 patent, Defendants are liable to A&J to the extent of Defendants' total profits made from the infringement, pursuant to 35 U.S.C. §289.

28. Furthermore, Defendants' infringing acts are of a continual and ongoing nature, resulting in harm to A&J for which A&J has no adequate remedy at law. For that reason, A&J is entitled to equitable relief including injunctive relief pursuant to 35 U.S.C. §283.

29. On information and belief, Defendants are aware of A&J's patent rights, and Defendants are willfully infringing A&J's '773 patent.

## PRAYER FOR RELIEF

WHEREFORE, A&J respectfully requests that this Court grant the following relief against Defendants:

    A.    That pursuant to 35 U.S.C. §283, Defendants, together with their officers, agents and employees, and all persons acting in concert with them, be permanently enjoined from making, using, importing, selling or offering to sell products that infringe the claims of the '712 patent and the '773 patent, including at least the Sear & Smoke Triad product;

    B.    That an award of damages enter in favor of A&J and against Defendants adequate to compensate A&J for Defendants' infringement of A&J's patent rights, in no event less than a reasonable royalty, together with prejudgment interest from the date infringement began;

    C.    That, pursuant to 35 U.S.C. §289, Defendants be ordered to disgorge their entire profit realized from sales of products that infringe the '646 patent and/or the '773 patent, and the profits thus disgorged be awarded to A&J;

    D.    That the Court assess increased damages by virtue of Defendants' willful infringement, and award said increased damages to A&J along with the award of A&J's reasonable attorney fees pursuant to 35 U.S.C. §285;

    E.    That A&J be awarded costs, expert witness fees, and such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury as to all issues so triable.

RESPECTFULLY SUBMITTED this 21st day of August, 2013.

/s/ Mark D. Johnson
Mark D. Johnson
Georgia Bar No. 395041
GILBERT, HARRELL, SUMERFORD & MARTIN, PC
777 Gloucester Street
Suite 200
P.O. Box 190
Brunswick, Georgia 31520
mjohnson@gilbertharrelllaw.com
Telephone:    (912) 265-6700
Facsimile:    (912) 264-3917

Robert J. Carlson
LEE & HAYES PLLC
WSBA No. 18455
701 Pike Street, Suite 1600
Seattle WA 98101
(206) 315-4001
carlson@leehayes.com
*Pro Hac Vice Petition Pending*

**ATTORNEYS FOR PLAINTIFF**